**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Ronald Grubb, as PR of the Estate of Joyce Grubb, Appellant,

v.

Clarendon Memorial Hospital, Respondent.

Appellate Case No. 2011-201946

———————

Appeal from Clarendon County
The Honorable George C. James, Jr., Circuit Court Judge

———————

Memorandum Opinion No. 2013-MO-034
Heard December 4, 2013 – Filed December 18, 2013

———————

**AFFIRMED**

———————

John W. Carrigg, Jr., of Carrigg Law Firm, of Lexington, for Appellant.

Hugh W. Buyck, of Buyck, Sanders & Simmons, LLC, of Mt. Pleasant, and Deborah H. Sheffield, of Columbia, for Respondent.

———————

**PER CURIAM:** This is a direct appeal from a grant of summary judgment in favor of Respondent. Appellant claims that the trial court erred when it granted

summary judgment based on its finding that Appellant's claims were time barred. Even assuming section 15-79-125 of the South Carolina Code applies, as Appellant claims, we find Appellant's claims are nonetheless barred by the statute of limitations. Thus, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 15-78-110 (2005) (providing for a two-year statute of limitations for claims brought under the TCA); *id.* § 15-79-125(C) (Supp. 2012) (requiring that the parties in a medical malpractice action participate in a pre-suit mediation conference); *id.* § 15-79-125(E) (Supp. 2012) (allowing parties to initiate a civil action only after participating in the pre-suit mediation conference).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**